IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:07cv164 |
| v. | ) ) | CONSENT DECREE |
| CABARRUS MEMORIAL HOSPITAL d/b/a NORTHEAST MEDICAL CENTER, | ) ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission ("EEOC") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's complaint alleged that Defendant, Cabarrus Memorial Hospital d/b/a NorthEast Medical Center ("Defendant"), discriminated against Jackson A. Davies, III, by terminating his employment because of his race, black. Defendant denies any liability or wrongdoing in connection with the litigation and has agreed to resolve this matter to avoid the expense, inconvenience, and burden resulting from continued litigation of this matter.

The EEOC and Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1.      Defendant shall not discriminate against any person on the basis of race or any other protected category within the meaning of Title VII.

2.      Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3.      Defendant shall pay the sum of fifty-two thousand five hundred dollars ($52,500) to Jackson A. Davies, III.  Said sum shall represent:  (a) forty thousand dollars ($40,000) in back pay, minus standard legally applicable deductions, and (b) twelve thousand five hundred dollars ($12,500) in IRS 1099 compensation.  Defendant shall make payment by issuing two checks payable to Mr. Davies, in the amounts indicated above.   Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the checks to Jackson A. Davies, III at an address provided by the Commission.  Within ten (10) days after the checks have been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the checks and proof of their delivery.  Defendant shall issue Jackson A. Davies, III, a W-2 form and a Form 1099 for the amounts received as indicated above.  Neither the EEOC nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Jackson A. Davies, III may or may not incur on such payment under local, state and/or federal law.

4.      Payment of the amount above is conditioned upon Defendant's counsel's receipt of a fully executed Settlement and Release and General Release ("Release") from Mr. Davies, which by signature hereon, Defendant's counsel acknowledges he has received.   Defendant agreed to pay a reasonable amount not to exceed $300 to Mr. Davies to retain private counsel regarding the Release, and such payment has been made.

5.      Within ten (10) days of the entry of this decree by the Court, Defendant shall

2

Case 1:07-cv-00164-JAB-PTS   Document 22   Filed 05/27/08   Page 2 of 8

eliminate from the employment records of Jackson A. Davies, III any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 140-2006-00484 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendant shall report compliance with this provision to the EEOC.

6. Defendant currently has in place the following anti-discrimination and anti-harassment policies, which are contained in its "Keeping Our Employees InTouch With Human Resources" [NEMC-HR0105] document: (a) Equal Employment Opportunity [p. 4]; (b) Complaint and Grievance [p. 20] Procedure; and (c) Workplace Harassment Policy [p. 25]. Said policies include, but are not limited, to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against racial discrimination; procedures for reporting racial discrimination; and a procedure for the thorough and immediate investigation of employee complaints of racial discrimination. Within ninety (90) days of the entry of this decree by the Court, Defendant shall redistribute the aforementioned anti-discrimination policies to all of its current employees. Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the EEOC. During the term of this Decree, Defendant shall distribute the policies to all new employees and review it with them at the time of hire.

7. During the term of this decree, Defendant shall post a copy of the policies described in paragraph 6, *supra*, at its facility where it is visible to employees. If the policies become defaced or unreadable, Defendant shall replace them by posting another copy of each of the policies. Within fifteen (15) days after the Consent Decree is entered, Defendant will post the policies and notify the EEOC that they have been posted.

8. During the term of this Decree, Defendant shall provide an annual training program to all of its managers and supervisors. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition

against racial discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policies referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policies.

The first training program shall be completed within one hundred and twenty (120) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the EEOC with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the EEOC the specific training that was undertaken and shall provide the EEOC with a roster of all employees in attendance.

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees at its facility. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the EEOC that the Notice has been posted pursuant to this provision.

10. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect Defendant's facility, interview employees, and examine and copy documents.

11. If at anytime during the term of this Decree, the EEOC believes that Defendant is in violation of the Decree, the EEOC shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the EEOC exercises any remedy provided by law.

12. The term of this Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the EEOC by Defendant pursuant to this

4

Case 1:07-cv-00164-JAB-PTS   Document 22   Filed 05/27/08   Page 4 of 8

Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, NC, 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this matter for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

16. The parties agree that upon entry of this Consent Decree, this case shall be dismissed with prejudice subject to the authority expressly provided to the Court as set forth in paragraph 15 above.

_____
United States District Judge

Date: May 27, 2008

The parties jointly request that the Court approve and enter this Consent Decree:

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION**

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney


/s/ Darrell E. Graham
DARRELL E. GRAHAM
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

Telephone: (704) 344-6885
Facsimile: (704) 344-6780


**CABARRUS MEMORIAL HOSPITAL**
**d/b/a NORTHEAST MEDICAL CENTER**


/s/ Kevin Parsons
KEVIN PARSONS
PARKS, CHESIN & WALPERT, P.C.
521 East Morehead Street, Suite 120
Charlotte, N.C. 28202
Telephone: (704) 377-2770
Facsimile:  (704) 377-2773

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 07-cv-00164 |
| v. | ) ) ) | EMPLOYEE NOTICE |
| CABARRUS MEMORIAL HOSPITAL d/b/a NORTHEAST MEDICAL CENTER, | ) ) ) | |
| Defendant. | ) ) | |

1.  This Notice is posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission ("EEOC") and Cabarrus Memorial Hospital d/b/a NorthEast Medical Center ("NorthEast Medical Center").

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), or disability. Title VII specifically prohibits discrimination based on race.

3.  NorthEast Medical Center will comply with such federal law in all respects. Furthermore, NorthEast Medical Center will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted at NorthEast Medical Center for two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2010.

**EXHIBIT A**

[Defendant Cabarrus Memorial Hospital d/b/a NorthEast Medical Center]

[Date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Jackson A. Davies, III.

   Mr. Davies was employed from March 29, 2004 until August 3, 2005 by NorthEast Medical Center as a PC Support Specialist. He earned $17.81 per hour.

   We hope that this information about Mr. Davies is helpful to you in considering him for employment.

   Sincerely,


   _____
   President, NorthEast Medical Center

**EXHIBIT B**